IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

TOMMY D. BURTON,                    *

      Plaintiff,                 *

          v.                    *          3:09-CV-456-SRW
                                           (WO)

JAY JONES, SHERIFF, *et al*.,        *

      Defendants.                *

_____

**MEMORANDUM OPINION**

Plaintiff, an inmate incarcerated at the Limestone Correctional Facility in Harvest, Alabama, filed this 42 U.S.C. § 1983 action on May 19, 2009.  He complains that while he was incarcerated at the Lee County Detention Center located in Opelika, Alabama, Officer Deborah Teodoro endangered his life when she identified Plaintiff as a police officer in front of other inmates on several occasions.[1]  In a supplement to his complaint Plaintiff alleged that he feared for his life when Officer Teodoro distributed meal trays.  Named as defendants are Sheriff Jay Jones, Major Carry Torbert, Captain Cory Welch, Lieutenant Timothy Jones, Sergeant Ronald Lyles, and Officer Deborah Teodoro.  Plaintiff requests injunctive relief in the form of an order which directs that the matters about which he complains cease and directs Defendant Teodora to stay away from him. (*See Doc. Nos. 1, 6.*)

_____

[1] Plaintiff was incarcerated at the Lee County Detention Center when he filed this action.

As noted, Plaintiff is no longer incarcerated at the Lee County Detention Center. Since filing this action he has been transferred to a state correctional facility within the Alabama Department of Corrections. Based on Plaintiff's complaint and the specific relief sought, the undersigned concludes that this action is due to be dismissed as moot.

## I.  DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen,* 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." U.S. Const. Art. III, 2. Federal courts are not permitted to rule upon questions which are

hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer,* 819 F.2d 1030, 1034 (11th Cir. 1987). Because mootness is jurisdictional, dismissal is required when an action is moot, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar v. Ashcroft,* 273 F.3d 1330, 1336 (11th Cir. 2001).

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the Eleventh Circuit Court of Appeals determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted); *see also Darring v. Kincheloe,* 783 F.2d 874, 876-77 (9th Cir. 1986) (after an inmate is transferred, there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to the prison against which he sought injunctive relief and therefore claim for injunctive relief is moot). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id.*

"Equitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval County School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot

3

because the plaintiff no longer needs protection from future injury." *Id.; Church v. City of Huntsville,* 30 F.3d 1332, 1337 (11th Cir. 1994) ("Logically, 'a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past.' " (citation omitted)). In the context of a § 1983 action filed by a prisoner, such as this, the law is settled that a prayer for declaratory or injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *See, e.g., Spears v. Thigpen,* 846 F.2d 1327, 1328 (11th Cir. 1989) ("[A]n inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred."); *Wahl v. McIver,* 773 F .2d 1169, 1173 (11th Cir. 1985) ("[A] n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

Plaintiff is no longer an inmate in the Lee County Detention Center, having been transferred to state custody during the pendency of this action.  He is, therefore, no longer subject to the conditions about which he complains when he filed the instant matter. There is no indication that Plaintiff will be returned to the Lee County Detention Center. "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul,* 755 F.2d 777, 780 (11th Cir. 1985). Absent in this case is any showing of a "continuing, present injury or real and immediate threat of repeated injury" to Plaintiff. *See Id.* (finding that a transfer of the plaintiff back to the Coffee

County Jail if he was again incarcerated at a minimum security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element).

The court finds that Plaintiff's action is now moot. Because there is no present case or controversy to support the court's jurisdiction over this action, Plaintiff's complaint shall be dismissed without prejudice for lack of jurisdiction.[2]

## II. CONCLUSION

In light of the foregoing, Plaintiff's complaint is DISMISSED without prejudice for lack of jurisdiction.

A separate Order follows.

DONE, this 1st day of June, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2]In the event Plaintiff is returned to the institution about which he complained, a dismissal without prejudice  allows him to re-file his claims. *See Wahl,* 773 F.2d at 1174.

5